UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pamela J. Duray,

    Plaintiff,

v.

Jeh Charles Johnson, Secretary,
U.S. Dept. of Homeland Security

    Defendant.

**ORDER**
Civil No. 12-2800

_____

    Plaintiff, appearing *pro se*.

    Bahram Samie and Friedrich A. P. Siekert, Assistant United States Attorneys, Counsel for Defendant.

_____

This matter is before the Court on Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).

A motion under Rule 59(e) serves the limited function of "correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Met. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988)). A motion under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to

entry of judgment." Id.  To succeed on a Rule 59(e) motion, Plaintiff must show:

> (1) the evidence was discovered after the summary judgment hearing; (2) the movant exercised due diligence to discover the evidence before the end of the summary judgment hearing; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result.

Briscoe v. Cty. of St. Louis, Missouri, 690 F.3d 1004, 1015-16 (8th Cir. 2012) (quoting Callanan v. Runyun, 75 F.3d 1293, 1297 (8th Cir. 1996)).

Plaintiff asserts that the Court's judgment is based on a clear error of law, and that there is additional evidence in support of her claims that the Court has not considered.  As set forth above, the Court will not consider evidence that could have been submitted prior to entry of judgment.  Plaintiff has made no showing that this new evidence is material or that she exercised due diligence to discover it prior to summary judgment.

In addition, Plaintiff has not demonstrated that this Court's judgment was based on a manifest error of law.  The motion to amend judgment must be denied.

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Judgment [Doc. No. 69] is DENIED.

Date:   May 16, 2016

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              United States District Court